ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **CARLOS LUIS BURGOS SANTOS**<br>**NEISA ALEJANDRA BURGOS FERNÁNDEZ**<br><br>Peticionarios<br><br>v.<br><br>**NEISA CAROLINA ROCA FERNÁNDEZ**<br><br>Recurrida | KLCE202500092 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.:<br>**CG2022CV01661**<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparecen ante nos, mediante *Escrito de Certiorari* presentado el 31 de enero de 2025, el señor Carlos Luis Burgos Santos (Sr. Burgos Santos) y la señora Neisa Alejandra Burgos Fernández (Sra. Burgos) (en conjunto, Peticionarios) y nos solicitan que revoquemos la *Orden* emitida el 3 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Mediante la *Orden*, el TPI determinó que la participación de la señora Neisa Jazmín Fernández (Causante) en la corporación Platinum Tire Center and Auto Parts (Platinum) tenía que formar parte del caudal de la Causante. A su vez, el 4 de febrero de 2025, los Peticionarios presentaron una *Moción Solicitando que se Paralicen los Procedimientos Sobre Requerimientos a Corporaciones*, en la que

---

[1] Apéndice de *Escrito de Certiorari*, Anejo I, pág. 1. Notificada y archivada en autos el 7 de enero de 2025.

solicitaron la paralización de la orden emitida por el TPI sobre la entrega de documentos corporativos y el pago de sanciones hasta tanto se resuelva el auto de *certiorari* presentado.

Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho" según nos permite la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5). Tras un estudio sosegado del expediente ante nos, procede declarar No Ha Lugar la solicitud de paralización y abstenernos de ejercer nuestra función revisora, por lo que, a su vez, denegamos la expedición del auto de *certiorari.*

## I.

El 20 de mayo de 2022, los Peticionarios presentaron una *Demanda* en contra de la señora Neisa Carolina Roca Fernández (Sra. Roca Fernández).[2] El 9 de febrero de 2021, en un caso previo,[3] los Peticionarios y la Recurrida fueron declarados herederos de la Causante, quien falleció intestada el 20 de marzo de 2020. Las señoras Roca Fernández y Burgos Fernández, al ser hijas de la Causante, fueron declaradas herederas únicas y universales. El Sr. Burgos, al ser viudo de la Causante, fue declarado heredero "en la cuota viudal usufructuaria, sin perjuicios de terceros, a no ser que se trate de herederos forzosos".[4] Según la *Demanda* presentada en el caso de autos, la Sra. Roca había paralizado la división de la comunidad post ganancial y de la comunidad hereditaria, en particular, la venta de una propiedad localizada en el Municipio de Cidra perteneciente al Sr. Burgos y a la comunidad hereditaria, sobre el cual se había establecido un contrato de opción de compra a favor del señor Carlos Antonio Vázquez Santos, parte interesada.[5]

---

[2] *Íd.*, Anejo II, págs. 2-5.
[3] Tomamos conocimiento judicial del caso núm. CG2020CV02066 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 15.
[4] *Íd.*
[5] Apéndice, *supra*, Anejo II, págs. 2-5.

El 15 de junio de 2022, la Sra. Roca Fernández presentó una *Contestación a la Demanda, Defensas Afirmativas y/o Especiales y Reconvención* en la que negó lo alegado en la *Demanda*.[6] Además, presentó una reconvención en contra de los Peticionarios, alegando que ellos no le permitían a ella participación alguna en la administración de los bienes hereditarios.[7] Solicitó que el TPI emitiera una orden en la que ordene la liquidación, adjudicación y pago de su participación hereditaria, que se efectúen las operaciones de rigor como el inventario y avalúo de los bienes hereditarios y que se nombre a un administrador judicial para los bienes hereditarios hasta tanto sean liquidados.[8]

Así las cosas, inició el proceso de descubrimiento de prueba. El 5 de agosto de 2023, la Sra. Roca Fernández presentó una *Moción Solicitando Órdenes*[9] en la que solicitó la intervención del TPI para obligarle a la parte demandante a presentar: (1) el estado del proceso de la radicación de la planilla de caudal relicto; (2) su número de seguro social para solicitar los balances de los préstamos hipotecarios que gravaban las Fincas 3914, 44959 y 38989 señaladas en la moción; (3) los números de cuenta de las hipotecas de los bienes inmuebles pertenecientes a la Sociedad Legal de Gananciales; (4) la dirección física de cada uno de los inmuebles pertenecientes al caudal hereditario; y, (5) copia del pagaré por la suma de $250,000.00 y de cualquier otro documento relacionado, a favor de Eliezer Burgos Santos, su dirección y teléfono.[10] También solicitó que se nombrara al licenciado Germán Salas Pagán como Contador Partidor. El 9 de agosto de 2023, el TPI celebró una vista

---

[6] *Íd.*, Anejo III, págs. 6-11.
[7] *Íd.*, pág. 9.
[8] *Íd.*, págs. 8-11.
[9] *Íd.*, Anejo VI, págs. 17-19
[10] *Íd.*

por videoconferencia en la que el abogado de la parte demandante se comprometió a proveer la información solicitada.[11]

El 11 de septiembre de 2023, la Sra. Roca Fernández presentó una *Moción Informativa, Solicitud de Sanciones y Solicitud Reiterando el Nombramiento del Contador Partidor con Cargo al Caudal.*[12] En esta, alegó que el Sr. Burgos no había presentado la siguiente información, necesaria para liquidar la comunidad hereditaria:

> a.- Los valores netos de los inmuebles, con la evidencia;
>
> b.- El balance del alegado pagaré adeudado a su hermano Eliezer Burgos Santos, el uso de los fondos de ese préstamo y evidencia de los pagos realizados;
>
> c.- La evidencia o memorial que alega Burgos para demostrar que el o los negocios son de carácter privativo;
>
> d.- Desglose de todas las deudas del caudal, el nombre del acreedor y el número de la cuenta;
>
> e.- La respuesta a la petición del vehículo solicitado por Neisa Carolina;
>
> f.- El estatus de la planilla de caudal relicto y el Certificado de Cancelación de Gravamen Contributivo (Relevo de Herencia);
>
> g.- Número de Seguro Social de Carlos Luis Burgos Santos.

Por lo tanto, le solicitó al TPI a que le impusiera sanciones a la parte demandante por su incumplimiento con lo acordado en la vista celebrada el 9 de agosto de 2023. Ante esto, el TPI le concedió diez (10) días a la parte demandante para que produjera los documentos solicitados so pena de sanciones.[13] A esta *Orden,* la parte demandante presentó una *Moción en Cumplimiento de Orden del 28 de septiembre de 2023,* en la que arguyó que ya le habían entregado a la parte demandada varios de los documentos solicitados.[14] Por otro lado, sostuvo que "los registros necesarios no han estado disponibles ya que se trata de un negocio familiar

---

[11] *Íd.*, Anejo VIII, págs. 24-25.
[12] Tomamos conocimiento judicial del caso CG2022CV01161 en SUMAC, Entrada Núm. 34.
[13] *Íd.*, Entrada Núm. 35.
[14] Apéndice, *supra*, Anejo VII, págs. 20-23.

(privativo del demandante) el cual él, propiamente, administra y ante su edad, no hemos podido conseguir todos los documentos necesarios para cumplir con las órdenes del Tribunal".[15]

El 2 de noviembre de 2023, la Sra. Roca Fernández presentó una *Moción Bajo la Regla 56.5 y 56.6* en la que nuevamente le imputó al Sr. Burgos Santos y Sra. Burgos Fernández un incumplimiento con el procedimiento del descubrimiento de prueba.[16] En esta ocasión, alegó que el Sr. Burgos Santos, en su carácter como único oficial de la corporación Platinum, tenía que proveer la siguiente información corporativa para los años 2018-2023: (1) estados financieros de la corporación; (2) estados bancarios de la corporación; (3) planillas de contribución sobre ingresos; (4) planillas del Fondo del Seguro del Estado; (5) planillas trimestrales, tales como la de Seguro Social y desempleo; (6) lista de activos; (7) lista de deudas; y, (8) entrega de libro corporativo con su archivo de minutas e informes corporativos para fotocopiar.[17] Arguyó que tenía derecho a aquella información, puesto que la corporación Platinum fue creada mientras que la Causante y el Sr. Burgos Santos estaban casados bajo una sociedad de bienes gananciales.[18] También solicitó que se emitiera una orden cautelar, congelando las cuentas bancarias de Platinum y la designación de un administrador judicial para coadministrar los negocios que operan bajo el nombre de Platinum.[19] El 6 de noviembre de 2023, la parte demandante compareció para oponerse a la moción presentada el 2 del mismo mes y año. Arguyó que el tribunal no

---

[15] *Íd.*, pág. 21.
[16] *Íd.*, Anejo IX, págs. 26-27.
[17] *Íd.*, pág. 26.
[18] *Íd.*, pág. 27.
[19] *Íd.*

tiene jurisdicción sobre Platinum,[20] puesto que esta es una corporación con personalidad jurídica y no había sido emplazada.[21]

Así las cosas, el 2 de noviembre de 2023, el TPI notificó una *Orden* en la que ordenó el cumplimiento con lo solicitado por la Sra. Roca Fernández y le impuso una sanción a la parte demandante de $75.00 por sus incumplimientos hasta el momento.[22] Posteriormente, el 7 de noviembre de 2023, le impuso a la parte demandante una sanción económica adicional de $150.00.[23] El 8 de diciembre de 2023, el TPI celebró una vista por videoconferencia en la que concluyó que la corporación Platinum era ganancial al haberse constituido luego del matrimonio y que no era necesario emplazarla puesto que el caso trata sobre una demanda de liquidación.[24]

El 14 de marzo de 2024, tras varios trámites procesales, incluyendo el nombramiento del licenciado Salas Pagán como Contador Partidor, el Lcdo. Salas Pagán presentó una *Moción Informativa* en la que le señaló al TPI que había hecho un requerimiento de información a las partes y que estas no habían cumplido con la solicitud.[25] Dicha información solicitada incluía un requerimiento a la parte demandante para que proveyera documentos relacionados con Platinum.[26] El TPI dictó una *Orden* para que se cumpliera con lo solicitado por el Lcdo. Salas Pagán, so pena de sanciones.[27] El 18 y 19 de marzo de ese año, las partes presentaron mociones en cumplimiento con la orden.[28]

---

[20] La parte demandante señaló que Platinum también se conoce como "Platinium". Para no causar confusión entre ambos nombres, nos estaremos refiriendo a la corporación como Platinum, puesto que este fue el nombre utilizado por el TPI.
[21] Apéndice, *supra*, Anejo X, págs. 28-32.
[22] CG2022CV01661 en SUMAC, *supra*, Entrada Núm. 46. (Esta sanción fue pagada).
[23] *Íd*, Entrada Núm. 47. (Esta sanción fue pagada).
[24] Apéndice, *supra*, Anejo XIII, págs. 40-42.
[25] CG2022CV01661 en SUMAC, *supra*, Entrada Núm. 78.
[26] *Íd*., Anejo 1.
[27] *Íd*., Entrada Núm. 79.
[28] *Íd*., Entradas Núm. 80 y 81.

El 5 de agosto, el 6 de septiembre y 25 de octubre de 2024, el Contador Partidor nuevamente compareció e informó que "al día de hoy, no he recibido ninguno de los documentos ni información solicitadas el 11 de marzo de 2024 a la parte Demandante".[29] Ante esto, el 6 de agosto, 10 de septiembre y 31 de octubre de 2024, el TPI emitió una serie de órdenes en la que le impuso a la parte demandante sanciones de $250.00, $500.00 y $2,000.00 por su "reiterado incumplimiento con las órdenes del Tribunal".[30] En resumen, al 31 de octubre de 2024, la parte demandante había sido sancionada en cinco (5) ocasiones por su incumplimiento con el descubrimiento de prueba. Estas son:

(1) $75.00- 2 de noviembre de 2023.

(2) $150.00- 7 de noviembre de 2023.

(3) $250.00- 6 de agosto de 2024.

(4) $500.00- 10 de septiembre de 2024.

(5) $2,000.00- 31 de octubre de 2024.

El 9 de noviembre de 2024, el Sr. Burgos Santos presentó una *Moción de Reconsideración a Sanciones, de Desistimiento Sin Perjuicio y Otros Aspectos* en la que le solicitó al TPI:

> [R]econsiderar las sanciones notificadas el 31 de octubre de 2024 y se sirva dar por desistida, sin perjuicio y sin especial imposición de gastos, costas y honorarios de abogado, a la parte demandante para que tenga la oportunidad de recopilar, la información que aún no se le ha suplido por terceros.[31]

Así las cosas, el 12 de noviembre de 2024, notificada el 14 de noviembre de 2024, el TPI emitió una *Sentencia* declarando Ha Lugar la *Moción de Reconsideración de Sanciones*.[32] En consecuencia, decretó el desistimiento sin perjuicio del caso conforme a las disposiciones de la Regla 39.1 de Procedimiento Civil,

---

[29] *Íd*., Entradas Núm. 92, 97 y 102.
[30] *Íd*., Entradas Núm. 93, 98 y 103. (La parte demandante pagó las sanciones de $250.00 y de $500.00).
[31] Apéndice, *supra*, Anejo XIV, págs. 43-46.
[32] *Íd*., Anejo XV, pág. 47.

32 LPRA Ap. V, R. 39.1, y dejó sin efecto la sanción económica de $2,000.00 impuesta el 31 de octubre de 2024.[33]

Inconforme, el 2 de diciembre de 2024, la Sra. Roca Fernández presentó una *Solicitud de Reconsideración de Sentencia*.[34] En esta, la parte demandada señaló que la parte demandante había desistido voluntariamente sin la anuencia de la Sra. Roca Fernández, quien había participado activamente en el pleito, presentando alegación responsiva y reconvención. Alegó que el desistimiento servirá para dilatar aún más la liquidación de la comunidad hereditaria, evadir la reconvención y continuar en posesión de los ingresos del caudal.[35] Ese mismo día, la parte demandante presentó una *Moción de Desestimación a Reconsideración* al entender que el término para presentar una reconsideración, quince (15) días a partir de la notificación de la determinación, expiró el 29 de noviembre de 2024. No obstante, mediante la OAJP-2023-111, el Poder Judicial había decretado el 29 de noviembre de 2024 como un día de cierre total. La resolución EM-2024-01 estableció que "los días decretados como cierres totales se considerarán como si fueran feriados. Cualquier término que venza durante las fechas decretadas se extenderá al día laborable siguiente". Ante esto, el 3 de diciembre de 2024, el TPI declaró Ha Lugar la *Solicitud de Reconsideración*, dejó sin efecto su *Sentencia*, reinstaló la sanción de $2,000.00 e impuso una sanción de $200.00 por cada día en exceso del término concedido para que la parte demandante entregase los documentos solicitados por el Contador Partidor.[36]

Así las cosas, el 16 de diciembre de 2024, la parte demandante presentó una *Moción Solicitando Remedio, Eliminando Reclamaciones Sobre Corporación* en la que solicitó la eliminación de

---

[33] *Íd.*
[34] *Íd.*, Anejo XVI, págs. 48-50.
[35] *Íd.*
[36] *Íd.*, Anejos XVIII Y XIX, págs. 55-56.

cualquier reclamación realizada en contra de Platinum, "ya que dicha corporación procede de una corporación establecida antes del matrimonio".[37] A esta *Moción* la parte demandada presentó una oposición,[38] en la que señaló que el 13 de diciembre de 2023, el TPI se había expresado en torno al carácter ganancial de Platinum, señalando en aquel momento que:

> El Tribunal hace constar que el matrimonio ocurrió antes de la corporación, por lo que la corporación es una ganancial. Si se hizo con dinero privativo o no, es cuestión de prueba y le correspondería al demandante probar si es privativa. No procede emplazar a la corporación porque es una demanda de liquidación.[39]

Tras varios trámites procesales, el 3 de enero de 2025, el TPI emitió la determinación recurrida. Con relación a la corporación Platinum, el TPI resolvió que "[L]a sociedad legal de bienes gananciales compuesta por el codemandante y la causante teniendo participación en la corporación Platinum Tire Center and Auto Parts, dicha participación debe formar parte del caudal".[40] Posteriormente, el 8 de enero de 2025, el TPI aclaró que la corporación Platinum no está siendo liquidada.[41]

Inconforme con aquella determinación, el 31 de enero de 2025, los Peticionarios presentaron el auto de *certiorari* ante nuestra consideración. Mediante esta comparecencia, hicieron los siguientes señalamientos de error:

> **COMETIÓ ERROR EL HONORABLE TRIBUNAL AL DETERMINAR QUE LA CORPORACIÓN PLATINUM TIRE CENTER AND AUTO PARTS, INC. O CUALQUIER OTRA CORPORACIÓN, DEBEN FORMAR PARTE DEL PROCEDIMIENTO DE LIQUIDACIÓN DE BIENES HEREDITARIOS.**
>
> **COMETIÓ ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO <u>PERMITIR EL DESISTIMIENTO SIN</u> PERJUICIO PARA PODER SUPLIR LA INFORMACIÓN QUE FALTA.**

---

[37] *Íd.*, Anejo XXII, págs. 64-71.
[38] CG2022CV01661 en SUMAC, *supra*, Entrada Núm. 118.
[39] *Íd.*, Entrada Núm. 55.
[40] Apéndice, *supra*, Anejo I, pág. 1.
[41] CG2022CV01661 en SUMAC, *supra*, Entrada Núm. 129.

**COMETIÓ ERROR EL HONORABLE TRIBUNAL AL ACOGER UNA RECONSIDERACIÓN A LA SENTENCIA POR DESISTIMIENTO FUERA DE TÉRMINO Y AL RE ESTABLECER LAS SANCIONES DE $2,000.00.**

**COMETIÓ ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER LAS SANCIONES IMPUESTAS A LA AQUÍ COMPARECIENTE, PESE AL RÉCORD CLARO DE QUE SE HA SUMINISTRADO CASI TODA LA INFORMACIÓN REQUERIDA Y SI NO SE HA TERMINADO OBEDECE A FALTAS DE TERCEROS.**

El 4 de febrero de 2025, la parte peticionaria presentó una *Moción Solicitando se Paralicen los Procedimientos Sobre Requerimientos a Corporaciones*. Mediante dicho escrito, solicitó la paralización de los procedimientos hasta tanto se resolviera el auto de *certiorari* presentado. Como hemos adelantado, prescindimos de la comparecencia de la parte recurrida en aras de proveer la más amplia, justa y eficiente resolución de la controversia presentada. Reglamento del Tribunal de Apelaciones, *supra*, R. 7 (B) (5).

## II.

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una

moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40. Deberá evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1.

**III.**

Tras evaluar la totalidad del expediente y el escrito de la parte peticionaria, resolvemos que no se nos ha presentado justificación para expedir el auto de *certiorari* presentado. No estamos ante una de las situaciones contempladas por la Regla 52.1 de Procedimiento Civil, ni por la Regla 40 del Tribunal de Apelaciones. La determinación recurrida no adolece de error manifiesto, prejuicio o parcialidad, ni se nos ha presentado un claro abuso de discreción que amerite nuestra intervención. Por lo tanto, procede denegar el recurso discrecional presentado por los Peticionarios. Por otro lado, al disponer del *certiorari* presentado, declaramos No Ha Lugar la *Moción Solicitando se Paralicen los Procedimientos Sobre Requerimientos a Corporaciones*.

**IV.**

Por los fundamentos discutidos, denegamos expedir el auto de *certiorari.* En consecuencia, declaramos No Ha Lugar la *Moción Solicitando se Paralicen los Procedimientos Sobre Requerimientos a Corporaciones*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones